# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

WILLIAM KEVIN ALLEN, et al.,

      Plaintiffs,

v.                              CASE NUMBER: 2:04-mc-188
                              (consolidated w/ 2:05-mc-144)

NATIONAL CITY MORTGAGE CO., et al.,

      Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the court is defendant National City Mortgage Company's motion to withdraw the reference to the bankruptcy court. For the reasons explained, I **GRANT** the motion.

Congress enacted the Bankruptcy Amendments and Federal Judgeship Act of 1984 in response to the Supreme Court's decision in *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50 (1982), which held Congress unconstitutionally had assigned adjudicative authority of Article III courts to bankruptcy judges. The Act gives district courts original jurisdiction over all cases arising under Title 11 of the Bankruptcy Code, 28 U.S.C. § 1334(b) (2000), but permits district courts to automatically refer bankruptcy cases to non-Article III bankruptcy judges. *Id.* § 157(a). In certain situations, however, withdrawal of the reference is necessary. *Id.* § 157(d). The Act provides as follows:

> The district court may withdraw, in whole or in part, any case or proceeding referred [to the bankruptcy court], on its own motion or on timely motion of any party for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the

>proceeding requires consideration of both Title 11 and other laws of the United
>States regulating organizations or activities affecting interstate commerce.

*Id.* The first sentence of the statute allows for permissive withdrawal; the second sentence requires mandatory withdrawal. The defendant premised its withdrawal motion in this case on both provisions of § 157(d).

The defendant asserts mandatory withdrawal is required because Count VII of the plaintiffs' Amended Complaint asserts a claim under the Federal Debt Collection Practices Act. The plaintiffs' response to the defendant's motion does not address this argument. Though the statutory language is broad, courts recognize that a literal application of § 157(d)'s language would result in district courts having to remove nearly all references, which would "eviscerate much of the work of the bankruptcy courts." *In re Vicars Ins. Agency, Inc.*, 96 F.3d 949, 952 (7th Cir. 1996) (citing *Adelphi Inst., Inc. v. Terranova*, 112 B.R. 534, 536 (S.D.N.Y. 1990)). The Fourth Circuit has not addressed the proper interpretation of § 157(d) but district courts in this circuit interpret the statute to require mandatory withdrawal when resolution of the claims would require a "substantial and material" interpretation of a non-Title 11 statute. *Terry v. Sparrow*, 328 B.R. 450 (M.D.N.C. 2005); *In re US Airways Group, Inc.*, 296 B.R. 673 (E.D. Va. 2003). Recently, another Judge in this district examined the interpretation of this statute and concluded that the "substantial and material" approach offered the best interpretation of § 157(d). *Snodgrass v. New Century Mortgage Corp.*, 2006 U.S. Dist. LEXIS 46718, at *6–7 (S.D. W. Va. July 10, 2006) (Faber, J.). I agree.

Because, however, it is clear that I should withdraw reference of this entire case for cause under the first sentence of the statute, I find no reason to analyze whether mandatory withdrawal of Count VII is required. *Compare In re Gates*, 2004 Bankr. LEXIS 2303, at *10–12 (Bankr. E.D. Va. Oct. 20, 2004) (suggesting FDCPA claims should be withdrawn), *with In re Mayer*, 199 B.R. 616,

619–20 (E.D. La. 1996) (finding mandatory withdrawal not appropriate for plaintiff's FDCPA claim).

In determining whether to exercise my discretion and withdraw the case for cause, I must consider the following factors: (1) whether the proceeding is core or non-core; (2) the uniform administration of bankruptcy law; (3) promoting judicial economy; (4) the efficient use of the parties' resources; (5) the reduction of forum shopping; and (6) the preservation of the right to a jury trial. *In re US Airways Group, Inc.*, 296 B.R. at 682. The most important factor is whether the case presents a core or non-core proceeding. *In re Coe-Truman Techs., Inc.*, 214 B.R. 183, 187 (N.D. Ill. 1997).

For a matter to be considered a "core" proceeding, it must arise under Title 11 or arise in a case in Title 11. 28 U.S.C. § 157(b)(1). Each of the plaintiffs' eight counts in the Amended Complaint could have been filed if the debtors never filed for bankruptcy. None of the counts arose under Title 11 or arose in a Title 11 case. The Amended Complaint, therefore, presents a non-core proceeding, which weighs heavily in favor of withdrawal. Because it is a non-core proceeding, the bankruptcy court's decision would be subject to de novo review in this court. *Id.* § 157(c)(1). Therefore, withdrawing the reference would promote judicial economy and more efficiently use the parties' resources. *See In re Coe-Truman Techs., Inc.*, 214 B.R. at 187 (finding that once the court decides the case is a non-core proceeding, the other factors fall into place in favor of withdrawal). Withdrawing the reference certainly will not affect the uniform administration of bankruptcy law because the Amended Complaint raises issues governed by non-Title 11 law. None of the other factors weigh against withdrawing the reference. Because the factors weigh heavily in favor of

withdrawal for cause, I exercise my authority under the first sentence of § 157(d) to withdraw the reference of this case.

In addition to the reasons stated above, Counts One, Two, Three, Four, and Eight allege class claims consisting of "all consumer borrowers whose loans were/are serviced by [the defendant] anytime after January 1, 2003." Although class adversary proceedings may be commenced in a bankruptcy case provided Rule 23's requirements are satisfied, *see* 1 Collier on Bankruptcy P 7023.01 (15th ed. rev. 2006) (citing cases that have considered Rule 7023 of the Federal Rules of Bankruptcy Procedure, which provides that Rule 23 is applicable in adversary proceedings), I **FIND** the non-core class action in this case is better handled by the district court. Accordingly, the class action nature of Counts One, Two, Three, Four, and Eight provides further grounds for withdrawal.

I **GRANT** the defendant's motion to withdraw the reference of this case from the bankruptcy court.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: July 13, 2006

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE